Wyly, J.
The plaintiffs, the holders of a note of the defendants for $10,000, secured by special mortgage and vendor’s privilege on a plantation in the parish of St. Landry, foreclosed the mortgage via ordinaria, and on the seventh of September, 1872, the sheriff of St. Landry parish sold thereunder said plantation to Elbert Gantt (from whom the defendants had bought it) for $20,735, of which $865 48 was applied to payment of taxes and costs, and the balance was distributed as follows: $1912 63 was applied in part satisfaction of a writ issuing from the district court, parish of St. Landry, under a judgment on a note of concurrent rank and secured by the same mortgage; $8897 68 was applied in part satisfaction of the writ under which the sale was made; and the balance, $9056 20, was retained by the purchaser to be applied in part satisfaction to an outstanding note secured in the same *161 mortgage for ten thousand dollars, due aDd payable on the first of January, 1873.
Eighteen months after the sale and distribution of the funds, as aforesaid, Edward J. Gay & Co. filed in this suit a paper which they term a third opposition, wherein alleging that they hold a mortgage, second in rank to the one under which the sale was made, for $4371 78, and alleging that the outstanding note of ten thousand dollars (for the part payment of which the $9056 20 had been retained by the purchaser) is not valid because the plea of failure of consideration, lies against it; they pray that Payne, Dameron & Co., and Elbert Gantt be cited to show cause why they (Edward J. Gay & Co.) should not be paid the amount of their second mortgage, to wit: $4371 78 out of said $9056 20 retained by the purchaser, Elbert Gantt, to pay said note of $10,000.
In bar of this third opposition the defendants therein, Payne, Dameron & Co. and Elbert Gantt, pleaded the following exceptions:
First — The prayer of the petition of opposition is not in accordance with the requirements of article 171 C. P., because it does not pray that these defendants “may be ordered to do or to give a certain thing.”
Second — Because the petition sets forth no cause of action on which a third opposition will lie.
Third — Because the court is without jurisdiction of Gantt, who resides in the parish of St. Landry. The court dismissed the opposition, and Edward J. Gay & Co., plaintiffs therein, have appealed.'
We think the court did not err in its conclusion.
A third opposition “is a demand brought by a third person not originally a party to the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit, or to regulate the effect of such seizure in what relates to him.” C. P. 395, “ Such opposition may take place in two cases:
First — “When the third person making the opposition pretends to be the owner of the thing which has been seized.
Second — “When he contends that he has a privilege on the proceeds of the thing seized and sold.” C. P. 396.
“ This opposition must be made before the court which granted the order of seizure or the judgment in virtue of which the provisional seizure has been effected.” C. P. 397.
How the plaintiffs in this extraordinary proceeding expect “to regulate the effect of a seizure in what relates to them” or their junior mortgage, eighteen months after the seizure has been released, the sale consummated, and the funds distributed, we can not imagine.
Until the sale was ended and the money distributed, of course *162 Edward J. Gay & Co., junior mortgage creditors, could by third opposition have regulated the effect of the seizure under the first mortgage in what relates to them. They could have caused a coneursus; and contradictorily with the sheriff, the plaintiffs, the defendants, the purchaser, and the holder of the outstanding note for $10,000, due first January, 1873, secured by a prior mortgage, but alleged to be invalid for failure of consideration, they could have demanded the payment of their second mortgage claim of $4371 78, and the rights of all parties could have been fixed and the funds distributed accordingly. But eighteen months after the sale and the distribution of the funds, the remedy of the plaintiffs in opposition, Edward J. Gay & Co., was an hypothecary action. And if the outstanding note of $10,000 secured by a prior mortgage, due first January, 1873, be invalid, of course the $9056 20 retained by the purchaser to pay it must be applied in discharge of mortgages next in rank. The exception that the petition sets forth no cause of action on which a third opposition will He, was well taken; and the judge.did not err in dismissing the opposition, although the reason he gave therefor was not a good one.
The case having been tried and submitted below on all the exceptions, can be revised on all of them in this court, although the judge-dismissed the suit on one of them and said nothing in regard to the others.
Judgment affirmed.
Eehearing refused.
Mr. Justice Morgan took no part in this case.